# UNITED STATES DISTRICT COURT
for the
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| CHRISTIAN RANKIN, | ) Case No. _8: 26-cv-1396-SDM-TGW_ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTEGRATED SUPPLY NETWORK, LLC, | ) |
| | ) MAY 11 2026 PM3:16 |
| Defendant. | ) FILED - USDC - FLMD - TPA |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for race discrimination, color discrimination, religious discrimination, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

2. Plaintiff was subjected to heightened scrutiny, repeated monitoring, stereotypical remarks, and differential treatment during employment with Defendant.

3. Plaintiff was the only American Indian employee on Defendant's seven-person design team.

4. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue dated February 20, 2026.

5. Plaintiff files this action within ninety (90) days of receipt of the Notice of Right to Sue.



## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5.

7. Venue is proper in the Middle District of Florida because the alleged unlawful employment practices occurred within this District.

## III. PARTIES

8. Plaintiff Christian Rankin is a Florida resident.

9. Defendant Integrated Supply Network, LLC is a business entity doing business in the State of Florida and was Plaintiff's employer within the meaning of Title VII and the Florida Civil Rights Act.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff began employment with Defendant in or around November 2023.

11. Plaintiff is American Indian, medium brown in color, and practices a religion involving customary religious attire.

12. Plaintiff was not initially subjected to disciplinary or performance-related issues.

13. In or around March 2024, Plaintiff was assigned responsibility for a recurring quarterly project Plaintiff had not previously performed.

14. Because Plaintiff's supervisor was temporarily unavailable, another coworker was assigned to assist Plaintiff with portions of the project.

15. After Plaintiff attempted to explain misunderstandings concerning the project and instructions received from the assisting coworker, Plaintiff's supervisor criticized Plaintiff's communication and accountability.

16. Following the March 2024 project, Plaintiff's supervisor began subjecting Plaintiff to heightened scrutiny, repeated monitoring, and frequent one-on-one meetings throughout the workday.

17. This monitoring included mandatory screen-sharing meetings approximately twice daily and continued for more than six months.

18. Plaintiff's ninety-day performance review was delayed beyond the expected review period and included criticism relating to the March 2024 project.

19. On multiple occasions, Plaintiff's supervisor made stereotypical remarks concerning Plaintiff's status as a single mother and woman of color involving Plaintiff's children, which were not directed toward similarly situated employees with children.

20. Plaintiff consistently wore customary religious attire throughout employment, including during company meetings and in company profile photographs.

21. During daily team meetings, conversations frequently involved holidays, birthdays, and other personal topics. Because of Plaintiff's religious beliefs, Plaintiff generally did not participate in certain discussions and kept interactions brief and professional.

22. Plaintiff's supervisor later criticized Plaintiff's level of engagement and demeanor in a performance review and encouraged Plaintiff to participate more in casual team discussions.

23. Despite having access to current photographs depicting Plaintiff in religious attire through company platforms and Human Resources, Plaintiff's supervisor used an outdated external

photograph of Plaintiff without religious attire during a workplace presentation attended by the larger marketing group.

24. Plaintiff alleges the use of the outdated photograph publicly presented Plaintiff in a manner inconsistent with Plaintiff's established religious appearance and contributed to Plaintiff being singled out within the workplace.

25. Plaintiff's employment ended during a company merger and restructuring.

26. As a result of Defendant's conduct, Plaintiff suffered emotional distress, humiliation, embarrassment, anxiety, and mental anguish.

## COUNT I

Race and Color Discrimination
(Title VII and Florida Civil Rights Act)

27. Plaintiff incorporates by reference paragraphs 10 through 26.

28. Plaintiff is a member of protected classes based on race and color.

29. Defendant subjected Plaintiff to differential treatment, heightened scrutiny, and repeated monitoring compared to similarly situated employees outside Plaintiff's protected classes.

30. Defendant's conduct altered the terms and conditions of Plaintiff's employment.

31. As a result of Defendant's conduct, Plaintiff suffered damages including emotional distress, humiliation, embarrassment, and mental anguish.

WHEREFORE, Plaintiff demands compensatory damages, costs, attorney's fees if applicable, and all further relief the Court deems proper.

## COUNT II

Religious Discrimination
(Title VII and Florida Civil Rights Act)

32. Plaintiff incorporates by reference paragraphs 10 through 26.

33. Plaintiff consistently wore customary religious attire throughout employment and maintained that appearance in company meetings and workplace platforms.

34. Plaintiff's supervisor criticized Plaintiff's participation in casual workplace discussions connected to topics Plaintiff did not observe for religious reasons.

35. Despite having access to current photographs depicting Plaintiff in religious attire, Defendant's supervisor used an outdated photograph of Plaintiff without such attire during a workplace presentation attended by multiple employees.

36. Plaintiff alleges this conduct contributed to differential treatment based on religion and religious appearance.

37. As a result of Defendant's conduct, Plaintiff suffered emotional distress, humiliation, embarrassment, and mental anguish.

WHEREFORE, Plaintiff demands compensatory damages, costs, attorney's fees if applicable, and all further relief the Court deems proper.

## COUNT III

Hostile Work Environment
(Title VII and Florida Civil Rights Act)

37. Plaintiff incorporates by reference paragraphs 10 through 26.

38. Plaintiff was subjected to unwelcome harassment based on race, color, and/or religion.

39. The conduct included prolonged heightened scrutiny, repeated monitoring, stereotypical remarks concerning Plaintiff's status as a single mother and woman of color, and conduct directed toward Plaintiff's religious appearance, including the use of an outdated photograph inconsistent with Plaintiff's established religious attire.

40. The conduct continued for more than six months and altered the terms and conditions of Plaintiff's employment.

41. Defendant's conduct created a hostile work environment.

42. As a result of Defendant's conduct, Plaintiff suffered emotional distress, humiliation, embarrassment, anxiety, and mental anguish.

WHEREFORE, Plaintiff demands compensatory damages, costs, attorney's fees if applicable, and all further relief the Court deems proper.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.  Award compensatory damages;

b.  Award costs of this action;

c.  Award attorney's fees if applicable;

d.  Grant such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 11th day of May, 2026.

By: *Christian Rankin* (signature)

Christian Rankin
PO Box 214
Lutz, Florida [33538-0214]
(727) 253-8526
rankinc85@gmail.com
Plaintiff, Pro Se

Plaintiff reserves all rights and remedies available under law.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Christian Rankin
PO Box 214
LUTZ, FL 33548
Charge No: 511-2026-01426

EEOC Representative and email:     REGINALD CARNEGIE
INVESTIGATOR
REGINALD.CARNEGIE@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2026-01426.

On behalf of the Commission,

*Tamra S Schweiberger*    Digitally signed by Tamra
Schweiberger
Date: 2026.02.20 10:58:23 -05'00'

Tamra S. Schweiberger
Director

**Cc:**
Laura Pearl
6529 Southern Blvd
West Palm Beach, FL 33413

Integrated Supply Network
2727 Interstate Dr
LAKELAND, FL 33805

Please retain this Notice for your records.